IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE A. THOMPSON,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **JO ANNE E. BARNHART,** | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| Defendant. | : | **NO. 05-395** |

**MEMORANDUM AND ORDER**

Gene E.K. Pratter, J.                                                                                       December 13, 2006

**I.   BACKGROUND**[1]

On November 6, 1998, Plaintiff Charmaine Thompson applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f (the "Act"). Plaintiff Thompson alleged that she had been disabled since September 29, 1989 due to neck problems, discomfort in her right eye and right arm, and high blood pressure. Ms. Thompson also alleged limitations stemming from mental impairments.

On May 23, 2000, Administrative Law Judge ("ALJ") Wesner issued a decision denying Plaintiff's claims, which the Appeals Council upheld. Ms. Thompson then appealed to this Court on June 27, 2002, Thompson v. Barnhart, No. 02-4151, and after an unopposed motion by the Commissioner to remand, Judge Dalzell remanded the case for further administrative proceedings.

---

[1] Reference is made to the complete factual background as set forth in Thompson v. Barnhart, 2006 WL 70979 (E.D. Pa. Mar. 15, 2006) (herein Memorandum & Order).

On July 16, 2000, Ms. Thompson filed another SSI application. ALJ Curtain approved this claim on September 8, 2003, finding that Ms. Thompson was disabled under section 1614(a)(3) of the Act as of July 16, 2000. However, ALJ Curtain found that pursuant to 20 C.F.R. § 416.1488(b) he could not reopen the May 23, 2000 decision of ALJ Wesner; therefore, he let stand ALJ Wesner's determination that Ms. Thompson was not disabled during the period prior to filing her July 16, 2000 protective application.

Thereafter, on March 23, 2004, pursuant to Judge Dalzell's March 14, 2003 Order remanding the case for further administrative proceedings, the Appeals Council directed the ALJ to conduct a hearing on Ms. Thompson's earlier DIB and SSI claims. On September 14, 2004, ALJ Spitz held a hearing on the earlier claims, and on November 9, 2004, he issued a decision partially favorable to Ms. Thompson, concluding that she was "disabled" within the meaning of the Act after July 16, 2000, but not prior thereto. In so concluding, ALJ Spitz held that ALJ Curtain's September 8, 2003 decision must stand as the final determination of the status of Ms. Thompson's disability at any time prior to July 16, 2000.

On February 2, 2005, Ms. Thompson filed an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) in this Court, seeking review of ALJ Spitz's partially favorable decision on her claim. The parties then filed Cross-Motions for Summary Judgment, and the case was referred to Magistrate Judge M. Faith Angell for a report and recommendation ("R&R"). On February 3, 2006, Magistrate Judge Angell recommended that the Court grant the Commissioner's Motion for Summary Judgment. Nevertheless, on March 15, 2006, the Court declined to adopt the R&R since ALJ Spitz's November 9, 2004 decision was not supported by substantial evidence, nor did the ALJ apply the correct legal standards to Ms. Thompson's claim. Instead, the Court granted Plaintiff

Thompson's Motion for Summary Judgment and remanded the case for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g).

Presently before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Since the Government has failed to demonstrate a solid and well-founded basis in law and in fact for its underlying denial of Ms. Thompson's request for disability benefits, the Court has determined that Plaintiff's counsel is entitled to attorney's fees of $5,152.50.

## II.     LEGAL STANDARD

The EAJA insures that "legal costs do not inhibit citizens from contesting government decisions in contexts such as social security benefits." White v. Barnhart, 2006 WL 2433835, at *2 (E.D. Pa. Aug. 18, 2006) (quoting Grossberg v. Barnhart, 2005 WL 703736, at *3 (3d Cir. Mar. 8, 2005)). As a threshold matter, to qualify for an award of attorney's fees, a plaintiff must prevail in the underlying litigation, and she must timely file her application for fees. Id. Ms. Thompson has met both criteria. The Court remanded this matter for further administrative proceedings pursuant to sentence four of § 405(g), which constitutes a final judgment in favor of the plaintiff when it no longer can be appealed. Ruiz v. Comm. of Soc. Sec., 2006 WL 1749536, at *1 (3d Cir. June 27, 2006); Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994).[2] The period for appeal of this matter expired, without notice of appeal, on May 16, 2006, and Plaintiff Thompson timely filed the

---

[2] A remand pursuant to § 405(g) consists of "a judgment affirming, modifying, or reversing the decision of the [agency], with or without remanding the cause for a rehearing." Ruiz, 2006 WL 1749536, at *1. A plaintiff is a prevailing party who is eligible to recover EAJA fees where the Court remands a matter pursuant to sentence four of § 405(g). Id. at *1-2.

application for attorney's fees on April 13, 2006.³

A prevailing party is entitled to attorney's fees unless "the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Much has been said of the contours of "substantial justification," which is in principle "a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous."⁴  Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985) (quoting Dougherty v. Lehman, 711 F.2d 555, 563 (3d Cir. 1983)).  The Commissioner's "position" includes her litigation position in federal court as well as any agency position that preceded and necessitated the litigation.  Washington, 756 F.2d at 961(citing Natural Res. Def. Council v. EPA, 703 F.2d 700, 708 (3d Cir. 1983); Dougherty, 711 F.2d at 563 n. 12).

The burden of proving substantial justification rests with the Commissioner, Washington, 756 F.2d at 960, and in order to meet this burden, she must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory she propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  Id. at 961 (citing Citizens Council of Del. County v. Brinegar, 741 F.2d 584, 593 (3d Cir. 1984); Dougherty, 711 F.2d at 564).

---

³As a prerequisite to an award of fees, a prevailing party must file an application for fees "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B); Kadelski, 30 F.3d at 401.

⁴As noted in White, Congress is currently considering an amendment to strike the "substantial justification" language of the EAJA. Equal Access to Justice Reform Act, S. 2017, 109th Cong. § 4 (2005). See also 151 Cong. Rec. S12950-02, *512951 (daily ed. Nov. 16, 2005) (statement of Rep. Feingold arguing that substantial justification is an unnecessarily and unfairly "restrictive provision" that prevents successful parties from collecting attorneys' fees). However, the "substantial justification" language currently remains as the standard that the Court must apply.  White, 2006 WL 2433835, at *3 n. 4.

Therefore, even if the Commissioner's position is incorrect, her position is "substantially justified" if it has a reasonable basis in law and in fact such that a reasonable person could think it correct. Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988).  Nevertheless, the Third Circuit Court of Appeals has held that "agency action found to be...unsupported by substantial evidence is virtually certain not to have been substantially justified under the [EAJA]," and in such a case, "[o]nly the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act."  Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987).  Furthermore, where "the government's legal position clearly offends established precedent...its position cannot be said to be substantially justified."  Washington, 756 F.2d at 962.

**III.    DISCUSSION**

    Plaintiff Thompson argues that the Commissioner cannot substantially justify her position since the ALJ committed four errors that required the Court to remand the case pursuant to § 405(g):

    1.    The Court found that the ALJ committed legal error by failing to follow both Judge Dalzell's remand Order, and the regulations of the Social Security Administration (which require adherence to Appeals Council remand orders), when the ALJ failed to obtain a mental status examination for Ms. Thompson.  (Memorandum & Order 19-22.)

    2.    The Court found that the ALJ committed legal error by failing to determine a disability onset date consistent with SSR 83-20 and Walton v. Halter, 243 F.3d 703 (3d Cir. 2001).  (Memorandum & Order 27-31.)

    3.    The Court found that the ALJ erred by failing to fully explain its evaluation of and reason for rejecting evidence of the Plaintiff's Global Assessment of Functioning

    ("GAF") score.  (Memorandum & Order 22-24.)

4.  The Court found that the ALJ erred by relying on testimony elicited by a hypothetical question posed to a vocational expert (as part of Ms. Thompson's Residual Functional Capacity assessment) which did not include all of Ms. Thompson's limitations.  (Memorandum and Order 25.)

Ms. Thompson contends that since these errors are by nature offensive to Third Circuit appellate precedent, and since the ALJ's decision was not supported by substantial evidence, the Commissioner cannot meet her burden to show substantial justification for the agency's position.

  In response, the Commissioner argues that her legal and factual position was substantially justified because Magistrate Judge Angell concluded that summary judgment should have been granted in her favor.  (Br. of Comm'r 3.)  This argument is unavailing since the Court ultimately decided that Magistrate Judge Angell's recommendation, namely that the Court lacked jurisdiction to hear Ms. Thompson's claims, was incorrect, and instead the Court found that the evidence on the record supported a remand in favor of Ms. Thompson, and not the Commissioner.[5]  Even if Magistrate Judge Angell had decided that the ALJ's decision was supported by substantial evidence and was the product of the proper legal standards, the agreement of an ALJ and the Magistrate Judge does not prove that the Commissioner's position was substantially justified.  The scenario is analogous to that of a successful appeal of a district court's decision, where awards of EAJA fees

---

[5] Magistrate Judge Angell agreed with ALJ Spitz that both the agency and the Court lacked jurisdiction over Ms. Thompson's pre-July 16, 2000 claims since ALJ Wesner's May 23, 2000 decision precluded review of these disability claims.  The Court disagreed, and found that ALJ Spitz had in fact reopened the entire record of Ms. Thompson's disabilities in rendering his November 9, 2004 decision and therefore provided the Court with jurisdiction to review the claims.

are common despite the fact that the district court agreed with the position of the Commissioner. See, e.g., Taylor v. Heckler, 835 F.2d 1037 (3d Cir. 1987). In other words, if the happenstance of a favorable ruling was tantamount to an achievement of "substantial justification" then fees could only be awarded if the Commissioner struck out at every level. There is no statutory or judicial suggestion that this is the standard for awarding fees.

Next, the Commissioner contends that the ALJ reasonably decided that Ms. Thompson's mental impairment was not disabling because the ALJ relied on the testimony of an impartial medical expert.[6] Dr. Richard Cohen, a Board-certified psychiatrist, testified that Ms. Thompson's medical records supported a diagnosis of dysthymia, or "mild depression." Dr. Cohen partially attributed Plaintiff's dysthymia to his further diagnosis of alcohol dependency, and he opined that her psychological condition did not rise to the level of a severe or listing level impairment. The ALJ agreed with Dr. Cohen's assessment that Plaintiff was only mildly impaired in her activities of daily living, and further concluded that Ms. Thompson's dysthymia was well-managed with medication.

Even if the Commissioner could assert a reasonable basis in fact to support the ALJ's conclusion that Ms. Thompson was not mentally disabled, there is no basis in law for the Commissioner's position. While it is true that an ALJ may request and consider medical expert opinions, 20 C.F.R. § 404.1527(f)(2)(iii), ALJ Spitz committed a legal error in basing his opinion

---

[6]The Commissioner again looks to support her factual position with the recommendation of the Magistrate Judge. The Commissioner states that the Magistrate Judge "believed that the ALJ reasonably determined that Plaintiff's dysthymia was not a severe mental impairment." This interpretation of the Report and Recommendation is substantively off the mark. While the Magistrate Judge did recount the factual and procedural history of Ms. Thompson's endeavors before a variety of ALJs, the Report and Recommendation does not substantively affirm the ALJ's disability determination. Instead, the Magistrate Judge concluded solely on procedural grounds that ALJ Curtain properly decided in his September 8, 2003 decision not to reopen Ms. Thompson's claims as to her disability prior to July 16, 2000.

solely on Dr. Cohen's review of Ms. Thompson's medical records.  In so doing he failed to adhere to the Court Order requiring that a medical officer evaluate Ms. Thompson, and not just her records, to determine her disability.  That an agency must adhere to the Court's remand order, without variation, is a settled matter of law , 20 C.F.R. § 404.977(b); Sullivan v. Hudson, 490 U.S. 877, 886 (1989); Lee v. Johnson, 799 F.2d 31, 38 (3d Cir. 1986); Mefford v. Gardner, 383 F.2d 748, 758-759 (6th Cir. 1967)), and the Commissioner cannot substantially justify her position in offense of the law.  Cliggett v. Barnhart, 2006 WL 1648965, at *3 (E.D. Pa. June 9, 2006) (citing Xayaseng v. Barnhart, 2006 WL 891177, at *1 (E.D. Pa. Apr. 5, 2006) ("when a case turns on a question of law, the Commissioner must show that her argument presented a close or unsettled question of law, in order to establish that her position was substantially justified").

Furthermore, it is a failure of logic for the Commissioner to derive substantial justification for her position from factual determinations made as a result of a legal error, particularly where it was the Commissioner's own remand motion, in which she argued that "this case would benefit from further administrative proceedings, including obtaining a mental status evaluation," which lead to the affirming instruction of the Appeals Council, to "obtain a mental status examination and medical source statement," that acknowledged an in-person mental evaluation was necessary.  The Commissioner cannot now argue that the ALJ's failure to order the examination, and misplaced reliance on medical records, despite what conclusions the records beget, substantially justifies her position.[7]

---

[7]Additionally, the Court concluded that ALJ Spitz erred when he failed to explain his consideration of Ms. Thompson's GAF rating, thereby contravening Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981), and posed an improper hypothetical question to a vocational expert, which did not include all of Ms. Thompson's impairments, thereby contravening Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004).

The Commissioner next argues that her position is substantially justified since the ALJ appropriately followed the Appeals Council remand order when it evaluated whether to reopen ALJ Curtain's September 2003 decision. The Commissioner argues that the ALJ, in his proper discretion, applied the principles of res judicata, see Rogerson v. Sec. of Health and Human Svcs., 872, F.2d 24, 29 (3d Cir. 1989), to the September 8, 2003 decision and determined that it was not within his purview to reconsider the issues decided therein. However, the Court specifically found that the ALJ waived application of res judicata because he reviewed the entire record in the September 2004 proceeding, and reached a decision on the merits. Kane v. Heckler, 776 F.2d 1130, 1132 (3d Cir. 1985). Therefore, the Court found that ALJ Spitz erred when he failed to apply SSR 83-20 to determine the onset of Ms. Thompson's disability upon his de facto reopening of ALJ Curtain's 2003 decision. The Commissioner must apply SSR 83-20 to determine a remote onset date of a disability, Walton v. Halter, 243 F.3d 703, 708 (3d Cir. 2001), and, therefore, the ALJ's position was not substantially justified.

Lastly, the Commissioner contends that her position as to Ms. Thompson's physical disabilities was factually reasonable because the ALJ found that Ms. Thompson was a less than fully credible claimant.[8] Specifically, ALJ Spitz found that Ms. Thompson's statements concerning the impact of her impairments upon her ability to work overstated the level of her disabling symptoms based on the objective medical evidence. Id. The Court did not find the ALJ's credibility assessment to be erroneous; rather, the Court recognized a policy of deference to the ALJ's

---

[8] Again, the Commissioner argues that this position is reasonable based on the Magistrate Judge's affirmation of the ALJ's credibility assessment, but does so inappropriately since the Magistrate Judge rendered a decision on procedural grounds rather than upon a full assessment of all of the evidence that properly must become part of the record.

credibility determination where it is supported by substantial evidence on the record as a whole. Wilson v. Apfel, 1999 U.S. Dist. LEXIS 16712, at *11 (E.D. Pa. Oct. 29, 1999) (citations omitted). Therefore the Court declined to specifically review the ALJ's credibility assessment, and instead acknowledged that consideration of the evidence properly before the agency upon remand could potentially impact the ALJ's credibility determination. Whether or not ALJ Spitz decided Ms. Thompson's credibility upon a record ripe with sufficient evidence is irrelevant to and does not support the Commissioner's position, which was contrary to established law.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Ms. Thompson's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARMAINE A. THOMPSON,** : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| : | |
| v. : | |
| : | |
| **JO ANNE E. BARNHART,** : | |
| **COMMISSIONER OF SOCIAL SECURITY,** : | |
| Defendant. : | NO. 05-395 |

## ORDER

**AND NOW**, this 13th day of December 2006, upon consideration of Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access To Justice Act, 28 U.S.C. § 2412 (Docket No. 24), and Defendant's Response thereto (Docket Nos. 25, 26), **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (Docket No. 24) is **GRANTED**, and defendant shall **PAY TO** Plaintiff's counsel, Robert Savoy, Esquire, the total sum of $5,152.50, representing attorney's fees and other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE